IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| National Independent Truckers Insurance Company, RRG, | ) ) ) | |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| vs. | ) ) | C.A. No. 2:25-cv-02809-BHH |
| Jeran L. Jones dba JNL Trucking and Jose Villanueva, | ) ) ) ) | (Non-Jury) |
| Defendants. | ) ) | |

National Independent Truckers Insurance Company, by and through its undersigned counsel, would respectfully allege and show unto the Court as follows:

**Parties, Jurisdiction, and Venue**

1.  National Independent Truckers Insurance Company, RRG ("NITIC") is an insurance company organized and existing under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

2.  Defendant, Jeran L. Jones dba JNL Trucking ("Jones"), is a citizen of the State of Florida.

3.  Defendant Jose Villanueva ("Villanueva") is a citizen and resident of the State of Georgia.

4.  The loss and claims giving rise to this action arise out of a physical altercation that took place in South Carolina. This declaratory judgment action involves the interpretation of an insurance policy entered into in Florida.

5.  Jurisdiction exists because there is complete diversity of citizenship between NITIC and Defendants, and the amount in controversy, including the costs of continuing to defend and potentially indemnifying Jones in the underlying dispute exceeds $75,000.00. Therefore, this Court has jurisdiction based upon 28 U.S.C. § 1332.

6.  Venue is appropriate under 28 U.S.C. § 1391 because the incident giving rise to the underlying dispute occurred in Dorchester County, South Carolina.

7.  This action is brought pursuant to the provisions of the Uniform Declaratory Judgment Act, as codified in 28 U.S.C. § 2201-2202, and Federal Rule of Civil Procedure 57.

## Factual Background

8.  NITIC issued a commercial automobile policy, policy number A10185-04, to Jones for the policy period February 23, 2018 to February 23, 2019 ("the Policy"). A true and correct copy of the Policy is attached as **Exhibit A**.[1] NITIC has not, at any time, issued a commercial general liability policy to Jones or JNL Trucking.

9.  The Policy was issued to and delivered to Jones in the State of Florida.

10. On or about March 27, 2018, an incident occurred at the Flying J Gas Station located in St. George, South Carolina, in which Jones and Villanueva were involved in an physical altercation.

11. On March 8, 2021, Villanueva filed a complaint in the South Carolina Court of Common Pleas for Dorchester County, C.A. No. 2021-CP-18-00484, captioned *Jose Villanueva v. Jeran Jones, d/b/a "JNL Trucking." William "Billy" Lawton, d/b/a JNL Trucking, JNL*

---

[1] When the Policy was issued, some of the endorsements (starting on page 25 of the policy) mistakenly identified a different policy number and insured at the top of the first page. Those scrivener's errors are corrected in Exhibit A. The corrected endorsements do not affect the coverage issues present in this action

*Trucking, and JNL Trucking, L.L.C* ("the Underlying Action"). A copy of the complaint in the Underlying Action is attached hereto as **Exhibit B**.

12. The only defendant served with the summons and complaint in the Underlying Action was Jones. Villanueva dismissed William "Billy" Lawton with prejudice from the Underlying Action.

13. In the complaint, Villanueva alleges that on the date in question, March 27, 2018, Jones was pumping gasoline into his tractor trailer at the Flying J Gas Station and Villanueva pulled behind him waiting to fill his tractor trailer with gas. *See* Exhibit B at ¶ 9.

14. Villanueva alleges that "<u>after pumping his gas</u>, Jones then entered the gas station" and returned to his tractor trailer with food and beverage. *Id.* at ¶ 10 (emphasis added). Villanueva alleges Jones entered his tractor trailer and stayed parked in front of the gas pump. *Id.*

15. Villanueva further alleges that after waiting for 20 minutes, he approached Jones' tractor trailer, knocked on the window and asked if he [Jones] needed help clearing his truck out of the way so that others could pump gas. *Id.* at ¶ 11.

16. Villanueva alleges that Jones then exited his vehicle and "negligently and severely injuring the Plaintiff . . .". *Id.* at ¶ 12. Upon information and belief, Jones and Villanueva were involved in a physical altercation outside of the vehicle at the Flying J Gas Station.

17. The complaint in the Underlying Action alleges, inter alia, that Jones was negligent in a number of particulars. *Id.* at ¶ 16.

18. The complaint also includes a cause of action for negligence against other defendants who have either never been served with the Underlying Action or have been dismissed with prejudice from the Underlying Action.

19. NITIC received notice of the Underlying Action on or about July 30, 2021.

20. By letter dated August 19, 2021, NITIC, through its third party administrator, Riverwood Claims Management ("Riverwood"), issued a reservation of rights to Jones advising that NITIC was investigating coverage under the Policy. It further advised Jones that NITIC would retain counsel to defend him pending the outcome of its coverage investigation. A true and correct copy of the reservation of rights letter is attached as **Exhibit C**.

21. NITIC retained counsel to defend Jones in the Underlying Action.

22. During the course of its investigation, NITIC determined that the incident giving rise to the Underlying Action was, in fact, a physical altercation between Villanueva and Jones and did not involve, in any way, the ownership, maintenance or use of a covered auto under the Policy.

23. On or about August 25, 2021, NITIC, through its third party administrator, advised counsel for Villanueva that there was no coverage under the Policy for the incident giving rise to the Underlying Action and further advised that if a reasonable resolution could not be reached, it would commence a declaratory judgment action. NITIC attempted to resolve the lawsuit at that time to no avail.

24. On or about December 2, 2022, the Underlying Action was dismissed without prejudice under Rule 40(j) of the South Carolina Rules of Civil Procedure.

25. Thereafter, by letter dated February 3, 2023, Riverwood, on behalf of NITIC, issued a declination of coverage letter to Jones advising him that coverage for the altercation was not provided under the Policy because the Policy only provided coverage for "bodily injury" or "property damage" caused by an "accident" resulting from the ownership, maintenance or use of a "covered auto." A true and correct copy of the declination letter is attached hereto as **Exhibit D**.

26. Riverwood, on behalf of NITIC, also followed up with counsel for Villanueva and advised him NITIC had declined coverage. NITIC attempted to resolve the matter at that time. Again, NITIC's settlement attempt was not successful.

27. The Underlying Action was restored to the docket on December 12, 2023, under civil action number 2023-CP-18-02117 and remains pending. Subject to its reservation of rights, NITIC has continued to provide Jones with a defense.

28. NITIC is informed and believes that the Policy does not provide coverage for Jones for the claims asserted against him in the Underlying Action because Villanueva's alleged injuries were not caused by an accident resulting from the ownership, maintenance or use of a "covered auto." Instead, they were the result of a physical altercation between Villanueva and Jones that had nothing to do with Jones' tractor trailer.

29. Alternatively, NITIC is informed and believes coverage is excluded under the Policy for amounts above the minimum required limits because the expected or intended injury exclusion applies to exclude coverage.

30. NITIC seeks a judicial declaration that the Policy provides no coverage to Jones and that NITIC has no duty to defend or indemnify Jones or pay any portion of any verdict rendered against it in the Underlying Action.

**The Policy**

31. The Policy contains the following relevant provisions:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

    **A.**    **Coverage**

We will pay all sums an "insured" must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use or a "covered auto."

5

. . .

    **B.**    **Exclusions**

    This insurance does not apply to any of the following:

        **1.**    **Expected or Intended Injury**

        "Bodily injury" expected or intended from the standpoint of "the insured".

. . .

**SECTION IV – DEFINITIONS**

    **A.**    "Accident" includes continuous or repeated exposure to the same conditions resulting in bodily injury or property damage.

. . .

*See* Exhibit A.

## FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

32.    NITIC realleges and restates herein the allegations set forth above.

33.    Jones is a Florida citizen. The Policy was issued to Jones, individually, and delivered to him in the State of Florida. Therefore, the coverage issues in this matter are governed by Florida law.

34.    NITIC alleges it is entitled to a declaration that the Policy provides no coverage, or that coverage is excluded, for Villanueva's claims asserted against Jones in the pending Underlying Action.

35.    Under the Policy's insuring agreement, coverage is only provided under the Policy for "bodily injury" or "property damage" caused by an "accident" and resulting from the ownership, maintenance or use of a "covered auto." The bodily injuries complained of by

Villanueva, and the alleged conduct giving rise to those alleged injuries in the Underlying Action, were not caused by an "accident" resulting from the ownership, maintenance or use of a "covered auto." Instead, they resulted from a physical altercation that took place between Villanueva and Jones, outside of Jones' tractor trailer, as alleged in the Underlying Action. *See* Exhibit B at ¶ 12 ("Jones "responded by exiting his vehicle").

36. Further, despite Villanueva's attempt to plead the Underlying Action into coverage, it is undisputed the tractor trailer was not in use at the time of the incident and was not being maintained at the time of the incident. *See id.* at ¶ 10 ("<u>After pumping his gas</u>, Jones then entered the gas station . . . Jones returned to his tractor trailer . . . entered his tractor trailer, and stayed parked in front of the gas pump.") (emphasis added).

37. Even if it is determined that the alleged "bodily injury" or "property damage" was caused by an "accident" resulting from the ownership, maintenance or use of a "covered auto," which is denied, the Policy contains an expected or intended injury exclusion which operates to exclude coverage under the facts and circumstances alleged in the Underlying Action for amounts above the required minimum limits.

38. NITIC alleges that the Policy does not afford any coverage to Jones under the facts and circumstances of the Underlying Action and, therefore, it has no continuing duty to defend Jones in the Underlying Action or indemnify Jones for any verdict or judgment rendered in favor of Villanueva in the Underlying Action.

39. There is an actual controversy between NITIC, Jones and Villanueva as to whether coverage is afforded under the Policy for the claims asserted against Jones by Villanueva in the Underlying Action.

7

40. Therefore, this declaratory judgment action is appropriate to resolve a substantial, immediate and real controversy between the parties.

WHEREFORE, NITIC prays as follows:

1. For a judicial declaration that Jones is not entitled to coverage under the Policy;

2. For a judicial declaration that NITIC has no continuing duty to defend Jones in the pending Underlying Action;

3. For a judicial declaration that Jones has no duty to indemnify Jones for any of the damages awarded in the Underlying Action;

4. For a judicial declaration that even if coverage is provided under the Policy's insuring agreement, coverage is excluded by operation of the expected or intended injury exclusion in the Policy and Jones, therefore, is not entitled to an ongoing defense or indemnity from NITIC;

5. For the costs of this action; and

6. For any such other and further relief as this court shall deem just and proper.

Greenville, SC

April 3, 2025

s/Jennifer Johnsen
Jennifer E. Johnsen (Fed. I.D. 5427)
GALLIVAN, WHITE & BOYD, P.A.
55 Beattie Place, Ste. 1200
P.O. Box 10589
Greenville, South Carolina 29603
(864) 271-9580

Attorneys for Plaintiff, National Independent Trucker Insurance Company, RRG